CRIMINAL LAW (§ 829*) — INSTRUCTIONS—CURE BY OTHER INSTRUCTIONS.

The denial of special charges relating to a matter sufficiently presented in the main charge is not error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. § 829.*]

Appeal from Montague County Court; A. W. Ritchie, Judge.

Dan Fenoglio was convicted of violating the local option law, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted and convicted of violating the local option law in Montague county, and, it being a misdemeanor in that county, his punishment was assessed at a fine of $25 and imprisonment in the county jail for 20 days.

The only complaint in the motion for a new trial is a statement that· the evidence is insufficient, and that the court erred in re-

fusing to give appellant's two requested charges. The two charges both relate to the same matter, and both were sufficiently presented in the court's main charge. The state's witness testified that he purchased a bottle of whisky from appellant and paid him $1 for it. The defendant testified that the state's witness asked him for a drink, and he handed him the bottle, and the state's witness kept it, paying him nothing for it. The court, in his charge, required the jury to find, beyond a reasonable doubt, that appellant made a sale of the whisky to the prosecuting witness, or they would acquit. Whether or not a sale was made was the sole issue; the state's witness affirming that a sale was made, while defendant denied this fact. As before stated, this issue was presented in a way that appellant would have and must have been acquitted, unless the jury believed a sale was made; and under such circumstances the failure to give the special charges present no error.

The judgment is affirmed.

---

## POWERS v. STATE.

(Court of Criminal Appeals of Texas. Nov. 20, 1912. Rehearing Denied Jan. 22, 1913.)

1. CRIMINAL LAW (§ 784*)—TRIAL—INSTRUCTIONS.

A charge on circumstantial evidence is sufficient if it contains the test of exclusion; that is, that the evidence is sufficient only when it excludes every other reasonable hypothesis save that of guilt.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1883–1888, 1922, 1960; Dec. Dig. § 784.*]

2. LARCENY (§ 12*) — PROSECUTION — ESSENTIALS.

Where accused took possession of and tied a cow to a tree to be butchered, he was guilty of larceny, although she had not yet been sold or butchered.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 22–29; Dec. Dig. § 12.*]

3. LARCENY (§ 27*) — PROSECUTION — DEFENSES.

That accused took a cow for another is no defense to a prosecution for larceny where it did not appear that he believed the cow belonged to the person for whom he acted.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 55–57; Dec. Dig. § 27.*]

4. CRIMINAL LAW (§ 830*)—TRIAL—INSTRUCTIONS.

In a prosecution for crime, an imperfectly drawn request to charge on an issue is sufficient to draw the court's attention to that issue and necessitate the giving of a good charge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2012, 2017; Dec. Dig. § 830.*]

5. ANIMALS (§ 10*)—PROSECUTION—EVIDENCE.

In a prosecution for the theft of a cow, an unrecorded brand cannot be introduced to establish ownership.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 8–12; Dec. Dig. § 10.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

6. CRIMINAL LAW (§ 673*)—PROSECUTION—INSTRUCTIONS.

In a prosecution for the theft of a cow, where the direct testimony as to ownership was sufficient to establish it, and evidence of an unrecorded brand was admitted without objection, the court need not in a special charge restrict the scope of such evidence to proof of identity.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1597, 1872–1876; Dec. Dig. § 673.*]

Appeal from District Court, Zavala County; R. H. Burney, Judge.

B. C. Powers was convicted of theft, and he appeals. Affirmed.

John W. Hill, of Uvalde, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of theft of one head of cattle, and his punishment assessed at two years' confinement in the penitentiary.

[1] The court in this case charged on circumstantial evidence, and appellant complains of the charge in this respect. However, this paragraph is drawn in terms frequently approved by this court. Barr v. State, 10 Tex. App. 510; Reeseman v. State, 59 Tex. Cr. R. 430, 128 S. W. 1129, and cases cited in Branch's Crim. Law, § 204, where the rule is laid down that no precise words need be employed if the charge contains the test of exclusion; circumstantial evidence being only sufficient when it excludes every other reasonable hypothesis, except that of the guilt of the defendant. The charge in this case meets this test.

[2, 3] Appellant also complains of the failure of the court to give his special charge wherein he requested the court to charge the jury that unless they found beyond a reasonable doubt he sold the cow to W. E. Moore to acquit, and further, if they believed the defendant only assisted in getting the cow for another, to acquit him. The evidence in this case shows that appellant went to Moore and others and told them about the cow, and, when they went to butcher the cow, appellant alone knew where she was tied, and he had to show her to the others. The theft was complete when the cow was taken possession of and tied to a tree to be butchered, and the circumstances clearly indicate that appellant was the person who did these acts, and even if he was taking the cow for another, where there is no suggestion in the evidence that he believed the cow belonged to such person, he would be guilty of theft, and the court did not err in refusing the special instruction.

[4-6] Inasmuch as the evidence does not disclose that the owner of the cow had his brand on record, appellant requested the court to instruct the jury that they could consider the evidence of the brand on the animal for no purpose except to establish identity, and the brand, together with the other facts, must establish the identity of the animal beyond a reasonable doubt, or there would not in law be established any ownership. The charge as requested should not have been given, because it was not the law of the case. However, the charge would have been sufficient to call the court's attention to the fact that evidence of an unrecorded brand cannot be introduced to establish ownership, and, if the brand had been relied on in this case to prove ownership, a charge so instructing the jury should have been given. But the brand was not relied on to prove ownership. John S. Thompson clearly identified the cow, and testified to the ownership of the cow, and that he had sold her to M. L. Thompson just about four days before the alleged theft. He described the cow minutely, and said "she was my individual property, and I sold her to M. L. Thompson on September 11, 1911." Under such circumstances, when evidence of an unrecorded brand is introduced without objection, it was not necessary for the court to instruct the jury as to the purposes for which the brand was admitted, for the reason, as before stated, ownership was not sought to be established by the brand.

The third special charge was fully covered by the court's main charge. We have discussed these propositions, although it was wholly unnecessary to do so, as they are not presented in the motion for a new trial in a way to bring them before us for review. Byrd v. State, 151 S. W. 1068, decided at the present term of court. The evidence fully supports the verdict, for the theft was complete when the animal was taken from its accustomed range and tied in the woods where appellant and others went and subsequently butchered it. It is immaterial in this case who sold the beef. The evidence might raise the question that others were principals in the offense, or that Moore was an accessory, but it would not in any way suggest that any person other than appellant was connected with the original taking.

The judgment is affirmed.