## UNITED STATES v. SENFT.

(District Court, E. D. New York.  June 15, 1921.)

Criminal law ⬯942(1)—Facts occurring after conviction, which discredit material witness, may warrant new trial.

It is ground for new trial that after defendant's conviction a material witness, without whose testimony he could not have been convicted, was indicted and convicted of a crime committed before the trial, which, if the fact could have been shown at the trial, would have tended to greatly discredit his testimony.

Criminal prosecution by the United States against George Senft. On motion to set aside verdict and for new trial.  Granted.

Leroy W. Ross, U. S. Atty., of Brooklyn, N. Y. (Peter J. Brancato, of New York City, of counsel), for the United States.

Elijah N. Zoline, of New York City, for defendant.

GARVIN, District Judge.  This is a motion to set aside the verdict of a jury and for a new trial.  The defendant has been convicted of the crime of bribing one Daly, an officer of the United States.  After the jury had rendered its verdict, and before sentence had been imposed, the court was advised that Daly, an important witness for the government, had just been indicted by a federal grand jury in the Western district of New York upon the charge of extortion.  This court thereupon imposed sentence, extended the term, and granted a stay of execution of sentence, in order that the defendant might have an opportunity to move for a new trial in the event that Daly should be convicted, it being claimed by defendant that such a conviction would constitute newly discovered evidence.  Daly has since been tried and convicted.

The government contends that there was nothing undiscovered when this defendant was tried, except that Daly had been involved in some occurrence, and perhaps that he had then been indicted as a result thereof, and that, while he was later .convicted, he could not have been asked concerning that conviction, as it had not occurred, nor could he have been questioned about the indictment.  The only question that could have been asked is whether he actually committed the crime.  Obviously he would have denied the charge, for he afterward went to trial on the indictment.  His denial, of course, could not be controverted.  There is, therefore, no such newly discovered evidence as could have been introduced at the trial.  This presents squarely the question whether the court should grant the motion on the ground that no defendant should be convicted largely upon the testimony of a man who had then actually committed the very crime (even though it could not have been proved at the trial) which it was claimed he had committed in the case at bar, for Senft testified that Daly had tried to extort money from him shortly after he placed him under arrest.

Without Daly's testimony, or with him at the trial as a witness discredited by his conviction, it may be well doubted whether the jury

would find a verdict of guilty. I have been referred to no case directly in point, but I am of the opinion that the defendant "should be allowed an opportunity to present his case to the jury upon the facts as they exist," as was said in People v. Fridy, 83 Hun, 240, 31 N. Y. Supp. 399. The jury is supposed to hear the truth and the whole truth. They were not afforded this opportunity when Daly was offered as a witness, for they were justified in accepting his testimony as given by a witness who could not be discredited because of any act that he had previously committed. Obviously they were mistaken, if they accepted his testimony upon such a belief.

Trials are conducted, under the direction of the court, in a search for the truth. A motion for a new trial, which is peculiarly addressed to the discretion of the court, should be granted, where it appears that such an important fact as was here involved was not known to the jury, for, if the whole truth had been known, it is doubtful whether the jury would have found the guilt of the defendant to be established beyond a reasonable doubt.

The court has the power to grant the motion, as the term was duly extended. Motion granted.

⬇For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes