## PEACE v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. December 14, 1921.)

No. 2915.

1. **Criminal law** ⟨=⟩552(1)—**Verdict of guilty may be based on circumstantial evidence.**

A jury may find a verdict of guilty on circumstantial evidence.

2. **Witnesses** ⟨=⟩48(1)—**Felon not incompetent as witness.**

The old common-law rule of the incompetency of felons as witnesses is not in force in the federal courts.

In Error to the District Court of the United States for the Eastern District of Illinois.

Criminal prosecution by the United States against C. E. Peace. Judgment of conviction, and defendant brings error. Affirmed.

Chester H. Krum, of St. Louis, Mo., for plaintiff in error.
McCawley Baird, of East St. Louis, Ill., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

PER CURIAM. Plaintiff in error was convicted of having felonious possession of property stolen from an interstate shipment.

[1] Evidence for the government was largely circumstantial. We are of opinion that a finding of guilt was reasonably deducible. As to the right of the jury to base a verdict of guilt upon circumstantial evidence, we refer to Applebaum v. United States (C. C. A.) 274 Fed. 43.

[2] Two of the government's witnesses were convicted felons. Plaintiff in error's contention that they were incompetent witnesses is based upon United States v. Reid, 12 How. 361, 13 L. Ed. 1023; Logan v. United States, 144 U. S. 263, 12 Sup. Ct. 617, 36 L. Ed. 429; and Benson v. United States, 146 U. S. 325, 13 Sup. Ct. 60, 36 L. Ed. 991. But the old common-law rule of the incompetency of felons was explicitly repudiated in Rosen v. United States, 245 U. S. 467, 38 Sup. Ct. 148, 62 L. Ed. 406.

The judgment is affirmed.