## I. B. Blocker v. The State.

No. 14002.   Delivered June 24, 1931.

The opinion states the case.

*I. R. Pearson,* of Ranger, and *Frank Judkins,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

An officer followed an automobile occupied by Henry Hatcher, Frank Giles and appellant. Appellant was riding on the front seat with Hatcher, who was driving the car. When the car stopped the officers searched it with the result that two half-gallon jars of whisky were found in a paper sack near the feet of appellant and Hatcher.

Appellant testified that he did not know the whisky was in the car; that Hatcher got out of the car, saying he wanted to see a man; that later a man came to the car and placed a paper sack in it; that Hatcher did not tell him (appellant) what was in the sack; that during the time they were driving the automobile he did not know that the sack contained jars of whisky; that he did not know there was any whisky in the car until the officers made the search; that he had no interest in the whisky.

Bill of exception No. 13 presents the following occurrence: About five or ten minutes after the search of the car and arrest of appellant and his companions, Henry Hatcher stated to the jailer, in appellant's presence, that the whisky the officers discovered in the automobile belonged to him, and that appellant had nothing to do with said whisky.

Appellant placed the jailer on the stand and offered to prove by him that Hatcher made the statement to him, it being certified in the bill of exception that the witness would have testified that Hatcher made such statement. It is further certified in the bill that appellant contended that the testimony was admissible as part of the res gestae, but that the court held that the declaration of Hatcher was inadmissible because of the fact that he had been convicted of the same offense for which appellant was on trial and was, therefore, not a competent witness for appellant.

The declarations were res gestae. Copeland v. State, 94 Texas Crim. Rep., 112, 249 S. W., 495. In Copeland's Case, Drew Copeland, the appellant's brother, stated to the officers at the time he and the appellant were found in the vicinity of a still that the still and whisky belonged to him, and that the appellant was a hired hand and had nothing to do with the still and whisky. In holding the statement admissible in behalf of appellant, Judge Lattimore, speaking for the court, said:

"If doubt existed as to whether Drew Copeland was a party to this transaction, which we do not think can exist as we understand this record, still it has been often held that, if statements of third parties are part of the transaction, and go to illustrate the feelings, motives, and acts of the principal actors, proof of same is admissible as part of the res gestae."

The declaration being res gestae, the fact that the declarant would have been incompetent to testify in behalf of appellant would not prevent appellant from proving the declaration by witnesses who had heard it made. In Neely v. State, 56 S. W., 625, this court said:

"The fact that deceased would have been incompetent to testify, on account of a previous conviction for felony, would not exclude his declarations made as a part and parcel of the res gestae. In other words, the incompetency of one as a witness does not prevent that person's declaration at the time of the killing from being introduced as a part and parcel of the transaction.

It has been held that the res gestae statements of the wife against the husband are admissible. Cook v. State, 22 Texas App., 511, 3 S. W., 749. The res gestae statements of one under arrest, though not warned, are admissible. Powers v. State, 69 Texas Crim. Rep., 214, 152 S. W., 909. See also Jones v. State, 111 Texas Crim. Rep., 172, 11 S. W. (2) 798; Flores v. State, 79 S. W., 808.

Appellant's defensive theory and explanation of the situation, supported by his testimony, was that the whisky belonged to Hatcher and that he (appellant) did not know it was in the car until the officer discovered it. The rejected declaration tended to support this theory. Hence we are constrained to hold that its erroneous rejection demands a reversal.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.