## UNITED STATES v. SEGELMAN.

### Cr. No. 12645.

United States District Court
W. D. Pennsylvania.
April 21, 1949.

Owen M. Burns, U. S. Atty. and Edward C. Boyle, Asst. U. S. Atty., both of Pittsburgh, Pa., for plaintiff.

Premo J. Columbus, of Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This matter comes before the Court on motion of the defendant for a new trial under Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and motion in arrest of judgment under Rule 34 of the Federal Rules of Criminal Procedure.

The defendant was tried and convicted on six counts of an indictment in which he was charged as follows:

Count One—The defendant knowingly and wilfully received certain stolen securities, to wit, a $5,000 United States Treasury Bond, which said security had theretofore been stolen, which was moving as, and was a part of, and constituted interstate commerce, the said defendant well knowing said security to have been stolen.

Count Two—This was a similar offense and the same type of bond but was stolen from a different person, and which was transported in interstate commerce.

Count Three—This was a similar offense with the exception that the security related to a $1,000 bond of a different series, and which was stolen from a different person and transported in interstate commerce.

Count Four—The defendant did unlawfully and knowingly sell the security referred to in Count Three, well knowing said security to have been stolen and which was moving as, and was a part of, and constituted interstate commerce.

Count Five—This was a similar offense as that set forth in Count Three, which related to a $1,000 bond, and which was stolen from the same person, and was transported in interstate commerce.

Count Six—The defendant did unlawfully and knowingly sell the security referred to in Count Five, well knowing said security to have been stolen and which was moving as, and was a part of, and constituted interstate commerce.

The motion in arrest of judgment is confined to Count One of said indictment.

The Court believes that under all the testimony the jury was justified in reaching the conclusion that the bond in question, which was a stolen security, had been received by the defendant at McKeesport, Allegheny County, in the Western District of Pennsylvania.

Futhermore, a thief can, after stealing, have in his possession stolen property knowing the same to have been stolen and thus commit a further and different offense,

and be punished for both. Carroll v. Sanford, 5 Cir., 167 F.2d 878.

The motion in arrest of judgment is, therefore, refused.

In connection with the motion for new trial, the reasons set forth are generally the same as in all such motions with the exception of interrogation which defendant counsel desired to make of the chief government witness relative to him having been indicted for and convicted of perjury. At the time of trial, the chief government witness Mehlman had been convicted in the Criminal Courts of Allegheny County, Pennsylvania, of the crime of perjury, but government counsel objected to inquiry being made relative to said conviction for the reason that the witness Mehlman then had a motion pending before the Criminal Court of Allegheny County for a new trial and/or arrest of judgment which had not been disposed of or considered at the time of the trial of the instant case. The Court sustained the objection for the reason that the judgment of the Criminal Court had not been finally adjudicated by the court before whom the matter was tried, and an opportunity did not then exist for the chief government witness to have processed his right of appeal to the appellate courts in the Commonwealth of Pennsylvania.

As to all matters other than the examination of the chief government witness relative to his conviction of the crime of perjury, I do not believe that any substantial error exists in the record and, therefore, the rights of the defendant were not substantially prejudiced or affected in the trial of said proceeding. In the absence of such substantial error, it is not proper to grant a new trial. Kotteakos et al. v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557.

The Court has delayed the filing of an opinion in connection with the motions which were filed until such time as the government witness Mehlman had exhausted his right to appeal the conviction in the Criminal Courts of Allegheny County, Pennsylvania, to the appellate courts in the Commonwealth of Pennsylvania.

It appears that the Allegheny County Court sustained the conviction and after appeal to the Superior Court in the Commonwealth of Pennsylvania, said conviction was sustained. Commonwealth v. Mehlman, 163 Pa.Super. 534, 63 A.2d 400.

A petition was filed for allowance of appeal to the Supreme Court of Pennsylvania on January 22, 1949, and on February 28, 1949 the petition was dismissed by the Supreme Court with per curiam opinion. The witness Mehlman commenced the service of his sentence on March 7, 1949.

The question for determination of the Court is whether a new trial should be granted defendant in view of the fact that the conviction of the main government witness Mehlman has been sustained.

It has been argued by counsel for defendant that under the law in the Commonwealth of Pennsylvania a witness convicted of the crime of perjury is incompetent for any purpose in the trial of any proceeding. Act of May 23, 1887, P.L. 158, § 2(a), as amended by the Act of April 27, 1909, P.L. 179, § 1, 19 P.S.Pa. § 682.

In addition thereto, it is contended that if the rule of law existing in the Commonwealth of Pennsylvania is not to be applied, an opportunity should be afforded to develop by the cross-examination of the chief government witness that he had been convicted of the crime of perjury in order to affect his credibility.

The rule which exists in the Commonwealth of Pennsylvania does not apply in the trial of criminal cases in the federal courts, and, therefore, the government witness Mehlman may be called by the government to testify. United States v. Margolis, 3 Cir., 138 F.2d 1002; Rosen et al. v. United States, 245 U.S. 467, 38 S.Ct. 148, 62 L.Ed. 406.

Under the modern rule, supported by the very great weight of judicial authority, all persons of competent understanding are permitted to testify to relevant facts within their knowledge, and the former common-law rule disqualifying witnesses convicted of crime is no longer followed in the federal courts, but such conviction will be given due consideration in determining the credibility and weight of the testimony to be offered. Rosen et al. v. United States, supra.

The rule of law to be applied in the United States Courts is—a person con-

victed of perjury may testify and it is the prerogative of the jury to determine the extent of the credibility of said witness. It is furthermore the duty of the trial court to instruct the jury that the testimony of the witness must be scrutinized with the greatest care and caution. United States v. Margolis, supra.

In this case the counts in the indictment could not be sustained without the testimony of the witness Mehlman, and the Court, therefore, believes that the defendant should have the opportunity and privilege of developing the fact that said witness has been convicted of the crime of perjury. This should be done in the interests of justice in order that the jury will have the opportunity of passing upon the credibility of said witness. United States v. Senft, 274 F. 629.

In the exercise of discretion vested in me, the motion for new trial is, therefore, granted as to the six counts of said indictment, and it is directed that this proceeding be listed by the United States Attorneys for trial at the ensuing term of court which commences on May 2, 1949.

An appropriate Order will be filed.