[Crim. No. 5109. Second Dist., Div. Two. June 30, 1954.]

THE PEOPLE, Respondent, v. REGINALD ROBERT HILL, Appellant.

 

Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, and Martin M. Ostrow, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was convicted of violating sections 288 · and 288a, Penal Code. He appeals from the ensuing judgment on the ground of the insufficiency of the evidence.

 The victim, a newsboy 11 years of age, was folding his newspapers, at about 6 o'clock Sunday morning, July 13, 1952, in the vicinity of the 1000 block on North San Fernando Road, Burbank, in preparation for delivering them, when defendant drove up. He told the boy he should not be out there, that he should go home, and offered to drive him there. The boy declined his invitation and defendant drove off. He came by a second time and bought a paper. He came by again while the boy was delivering his papers and asked the boy "to come with him." He refused. Defendant then exhibited a revolver and the boy "went with him in the car." After driving some 45 minutes defendant parked "in a little clearing." He had the boy at least partially undress. The boy testified to the commission by defendant of the acts denounced by sections 288 and 288a, Penal Code. Defendant let the boy shoot his gun once, then he fired the remaining shells at a stick. Defendant removed a box of shells from underneath the seat of his car to reload the gun. The boy also saw another gun in the glove compartment. Defendant drove the boy back to the place of their original meeting around 7 a. m. The boy took the license number of defendant's car. He later identified defendant in the police showup. The boy's mother testified that between 7:30 and 8 o'clock that morning her son complained to her of defendant's misconduct.

When questioned at his home and later at the police station by Officer Ostroff of the Burbank police department, defendant denied any knowledge of the incident. When confronted face to face with the boy, defendant denied ever having seen him before. Two days later, however, while being questioned by the chief of police, after first asserting his innocence, he then admitted the commission of the acts charged. At the

trial defendant denied making the admissions to which the officer testified.

Defendant's story at the trial was that he left his motel in Sun Valley at about 5:30 or 5:45 on the particular Sunday morning and went down into Burbank to fill up his car with gas. He stopped to buy a paper from a newsboy and to lower the top of his Buick convertible. There were two revolvers on the back seat of his car. He placed them in the glove compartment. The boy accused him of being drunk and asked him for money, saying he could make trouble for him. The boy was not in his car. Defendant drove back to his motel to get a canteen of water and then out in the hills beyond Seminole Hot Springs for some target practice.

The officers found two revolvers and a box of shells in defendant's living quarters. They also found a box of Kleenex in defendant's car which the boy had seen there.

The testimony of the complaining witness, that of his mother and the police officer, together with the items discovered in defendant's home and car, furnish ample support for the verdict and judgment.

Defendant argues that the testimony of the boy "is not worthy of any credence whatsoever." He bases this argument upon inconsistencies in his testimony in three respects: (1) as to whether defendant drove up two or three times before he got into defendant's car; (2) the circumstances under which he entered defendant's car; and (3) the extent to which he undressed.

It is, of course, the duty of the trier of the facts not only to evaluate the credibility of the witnesses and determine the weight of their testimony, but also to resolve the conflicts in the evidence and inconsistencies in the testimony of an individual witness (*People* v. *Frankfort,* 114 Cal.App.2d 680, 700 [251 P.2d 401]; *People* v. *White,* 115 Cal.App.2d 828, 831 [253 P.2d 108]). The judge or jury may accept as true a portion of the testimony of a witness, and disbelieve the remainder or have a reasonable doubt as to its correctness (*People* v. *Dragoo,* 121 Cal.App.2d 322, 324 [263 P.2d 90]). It should be pointed out that the preliminary hearing was held on August 1, 1952, but due to the fact that defendant had been committed to a mental institution, pursuant to section 5512, Welfare and Institutions Code, for observation and diagnosis for a 90-day period, the trial was not held until February 3, 1953. The trial court may well have concluded that the inconsistencies between the boy's initial testimony and that

given by him six months later were largely due to his tender years and the lapse of time. ■ On appeal that portion of the evidence (unless it is inherently improbable) which supports the judgment must be accepted, and not that which would tend to defeat it (*People* v. *Thomas,* 103 Cal.App.2d 669, 672 [229 P.2d 836]). In view of these rules it is clear there is no potency in defendant's argument when addressed to an appellate court.

Defendant attempts to discredit the testimony of the police officer on the ground that it was inconsistent with the report he prepared after the defendant's interview in the chief's office. We fail to find any substantial basis for this argument. ■ The basic difficulty with defendant's argument is that he would have this court reweigh the evidence and draw inferences contrary to those drawn by the trial court. Under firmly established principles we are not at liberty to do this (*People* v. *Gould,* 111 Cal.App.2d 1, 8 [243 P.2d 809]).

The purported appeal from the order denying defendant's motion for a new trial is dismissed since it does not appear that any such motion or order was made.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.