[Crim. No. 5951.   Second Dist., Div. Two.   Oct. 16, 1957.]

THE PEOPLE, Respondent, v. JOSEPH ZAFFINO, Appellant.

Ernest Best for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

ASHBURN, J.—After a jury trial defendant was convicted of assault with a deadly weapon. He appeals from the judgment and an order denying his motion for a new trial. The appeal is but an effort to obtain a reweighing of the evidence by an appellate court.

Appellant's counsel argues that the testimony of the victim, one Charles Simmons, should be disregarded because it was shown that he had been convicted of a felony and his testimony was internally inconsistent. ▮ Impeachment goes only to the weight of the witness' testimony, and it is for the jury and the trial judge (who denied the motion for new trial) to do the weighing of the evidence and the inferences from it. This is true whether the impeachment be by way of proof of conviction of a felony (*People* v. *Hardwick,* 204 Cal. 582, 589 [269 P. 427, 59 A.L.R. 1480] ; *People* v. *Riccardi,* 50 Cal. App. 427, 432 [195 P. 448]) or of inconsistent statements of the witness (*Langer* v. *Langer,* 85 Cal.App.2d 806, 809 [194 P.2d 81] ; *People* v. *Hill,* 126 Cal.App.2d 378, 380 [272 P.2d 113] ). ▮ The testimony of a witness may not be rejected by a reviewing court unless it is inherently incredible. "To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions." (*People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758].) ▮ " 'We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.' " (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

Tested by the foregoing rules the evidence given by the victim was sufficient to warrant the verdict and there is no basis for its rejection by this court. Nor is there any occasion for us to review the evidence in order to prove the point.

Rule 13 of the Rules of Professional Conduct of the State

Bar of California commands that an attorney shall not take or prosecute an appeal merely for delay, or for any other reason, except in good faith. (33 Cal.2d 30.) It is plain that the instant appeal could have been taken for no purpose other than delay.

Judgment and order affirmed.

Moore, P. J., and Fox, J., concurred.