[Crim. No. 7534. Second Dist., Div. Three. Nov. 3, 1961.]

THE PEOPLE, Respondent, v. CLEVE EMPIE, JR., Appellant.

Harry E. Weiss and Daniel N. Busby for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, Norman H. Sokolow and Edmond B. Mamer, Deputy Attorneys General, for Respondent.

SHINN, P. J.—Cleve Empie, Jr., represented by counsel, was convicted in a jury trial of the sale of heroin; probation was denied; he was sentenced to state prison and he appeals from the judgment.

The ground of the appeal is that there is no competent evidence of guilt. The contention is unsustainable.

It is contended that the acts of defendant constituting the offense were testified to only by one Peterson, and inasmuch as the latter was shown to have suffered two narcotics convictions, and was awaiting trial upon a third charge, he should have been held incompetent as a witness. It is also argued that Peterson's testimony was influenced by the expectation of favors at the hands of the officers.

Peterson agreed to cooperate with Federal narcotics officers in the apprehension of offenders. He approached defendant on three occasions, discussing the purchase of narcotics, but accomplished nothing. Prior to a fourth approach to defendant, one Roumo, a Federal agent, after searching Peterson and finding he had no money or narcotics on his person, gave him $150 of Federal funds for use in the purchase of narcotics. Peterson contacted defendant and offered $140 for seven "spoons" of heroin, which defendant said he could get at $20 a "spoon." Defendant left and returned in half an hour and at his request Peterson gave him $140. Defendant then left and was gone for a half hour while Peterson and Roumo remained in a pool hall. Defendant and Peterson went into the men's room where defendant handed Peterson a pink package. Peterson handed Roumo the package and $10; they went together to a meeting of other narcotics agents where Peterson was searched and was found to have no money or narcotics in his possession. The package handed by Peterson to Roumo was properly identified and was stipulated to contain heroin.

Roumo testified that he gave the money to Peterson and authorized the purchase; he saw Peterson hand defendant $140; he saw Empie leave, saw him return, make a motion to Peterson, saw the two enter the restroom, saw Peterson return in a few minutes and he received from Peterson the package of heroin and $10.

Defendant, testifying at the trial, admitted that Peterson

had contacted him several times, offering to buy heroin, but declared that on each occasion he had refused to engage in any narcotics transaction.

In his cross-examination Peterson testified that he agreed to help the narcotics officers in law enforcement after they solicited his service; they told him that if he wanted to go along with them he could, but they would promise him nothing; he did not believe the officers could help him in his pending case, but he hoped that his cooperation might result in his receiving a lesser sentence if he should be convicted.

■ The contention that Peterson was incompetent as a witness because of his previous felony convictions is untenable. (*People* v. *Zaffino,* 154 Cal.App.2d 438 [316 P.2d 8].) There was no evidence that his testimony was influenced by the officers.

■ Defendant relies upon *United States* v. *Senft* (E.D. N.Y.) 274 F. 629, *United States* v. *Miller,* (S.D. N.Y.) 61 F.Supp. 919 and *United States* v. *Segelman,* (W.D. Pa.) 83 F.Supp. 890. In these cases new trials were granted in the trial courts upon the ground that the jurors were uninformed of the fact that the key witnesses for the government had criminal records. The rulings were purely discretionary. Such is not the present case. The jury was fully informed as to Peterson's record, by his own testimony, and was instructed that proof of the same was a type of impeachment which affected his credibility.

It is regrettable that the state must stoop to partnership with the odious agent provocateur, but the peddlers of narcotics who find themselves entrapped by his wiles are scarcely the ones to cast stones at immoral practices. (See *On Lee* v. *United States,* 343 U.S. 747 [72 S.Ct. 967, 96 L.Ed. 1270].)

The judgment is affirmed.

Vallée, J., concurred.

Ford, J., did not participate.