■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BEARD, Appellant. [602 NYS2d 430] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered February 6, 1992, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant testified that the defendant approached him, asked him what he had in his pocket, and then displayed a gun which was in a holster under his sweater. At that time,

the codefendants Sean Penick and Andre Ingram, and an unidentified man, grabbed the complainant by the arms and waist, and the defendant removed $550 from the complainant's pocket. Viewing this evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Moreover, neither the complainant's admitted alcoholism, nor his previous criminal convictions, rendered him an inherently incredible witness *(see, People v Walcott,* 171 AD2d 767; *People v Yard,* 170 AD2d 631; *People v Barksdale,* 100 AD2d 852). Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Mathews,* 173 AD2d 565). Here, the jury heard the contentions of all the parties, saw the witnesses, and resolved the issues in favor of the prosecution. Its determination should not be overturned lightly on appeal. Upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We also find that the trial court did not err in permitting the People to call the defendant's wife as a rebuttal witness, since the testimony she offered did not refer to any confidential communication. The spousal privilege does not protect "all the daily and ordinary exchanges between the spouses, but merely those which would not have been made but for the absolute confidence in, and induced by, the marital relationship" *(People v Melski,* 10 NY2d 78, 80; *see also, People v Dudley,* 24 NY2d 410). Although acts as well as words may be communications, they are not privileged unless they are confidential *(see, People v Wilson,* 64 NY2d 634, 636; *People v Dawson,* 166 AD2d 808, 812). The testimony of the defendant's wife that the defendant had his gun with him on the day of the robbery was not "confidential". Indeed, a defense witness and the codefendant Ingram testified that they knew that the defendant, who was a correction officer, sometimes carried a gun when he was off-duty.

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review or meritless. Mangano, P. J., Sullivan, Miller and Pizzuto, JJ., concur.