443 S.E.2d 823

STATE of West Virginia ex rel. Harold B. WOLFE, Petitioner,

v.

Honorable Kendrick KING, Judge of the Circuit Court of McDowell County, Respondent.

No. 22049.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 8, 1994.

Decided April 20, 1994.

Harold B. Wolfe, pro se.

John M. Hedges, Sp. Asst. Atty. Gen., Morgantown, for respondent.

BROTHERTON, Chief Justice:

This case involves a petition by Harold B. Wolfe, *pro se*, asking that a writ of prohibition be directed against the respondent, Judge Kendrick King of the Circuit Court of McDowell County, West Virginia. In that petition, the petitioner asks that Judge King be prohibited from preventing him from serving process, which is a business that he conducts in McDowell County.

On September 16, 1993, Judge King issued, sua sponte, an order stating that "any and all process in Circuit Court 'B' before the undersigned Judge of this Court served by any convicted felon, especially one who has been convicted of extortion, embezzlement, fraud or other infamous crime, will *not* be deemed to have been served by a 'credible person' within the purview of Rule 4(c) and Section 56–3–11 and will not be acceptable to or accepted by this Court and any such service will be deemed defective, irregular, null and void." The petitioner is a convicted felon who has served his sentence and paid all fines in full. Although no records have been filed with this Court, it appears from Judge King's order that Mr. Wolfe was convicted of extortion. The petitioner claims that this order would effectively put him out of business.

■ Rule 4(c) of the West Virginia Rules of Civil Procedure requires service of process be performed "by the sheriff or by any credible person who is not a party, except that an attorney for a party shall not serve original process." West Virginia Code 56–3–11

(1993) authorizes the sheriff, deputy sheriff, or "any credible person" to serve process.

Little case law exists which defines the phrase "credible person." In *Stevens v. Saunders,* 159 W.Va. 179, 220 S.E.2d 887 (1975), this Court noted that Rule 4(a) of the West Virginia Rules of Civil Procedure was worded differently than the Federal Rule it was modeled after in order to reflect a prior West Virginia practice which was not permitted under the Federal Rule:[1] "In prior West Virginia practice, it was permissible under Code, 56–3–6, as amended, to do something which is not allowed under Federal Rule 4(a), that is, to have process served by a credible person selected by the plaintiff or his attorney. The West Virginia Rule continues this former West Virginia practice. Lugar & Silverstein, W.Va.Rules, 41 (1960)." *Id.* 220 S.E.2d at 891. West Virginia retains the practice of permitting the plaintiff to choose who can serve process. The question now before us is how the requirement of credibility limits the traditional practice.

The only West Virginia case which deals directly with this issue is *Peck v. Chambers,* 44 W.Va. 270, 28 S.E. 706 (1897), which involved a complicated property transaction in which the summons was served on one party by a private person rather than the Logan County sheriff. That individual then claimed that he had not received the summons. In holding that the service was conclusive, the West Virginia Supreme Court presumed that "the Legislature meant something when it used the word 'credible'; it surely thereby designated a class of persons who might serve process." *Id.* 28 S.E. at 708. The Court found important the requirement that one who was to serve process be a person "competent to give evidence, ... worthy of belief." *Id.* The Court then concluded "[i]n order ... that a person should be competent to serve process under the statute, he must be a person worthy of belief." *Id.* The Court stated that "if the return of process by persons unworthy of credit is to be held

conclusive and unassailable, the property and rights of individuals would be no longer be safe." *Id.* By putting the emphasis on whether the process server was competent to give evidence and was worthy of belief, the Court made pivotal the process server's ability to testify in court regarding that service. Consequently, we next look to determine if a convicted felon is "competent to give evidence, ... worthy of belief."

In general, persons who are convicted of felonies lose certain civil rights which are otherwise considered inalienable: the right to vote and the right to serve in public office. *See Wharton's Criminal Law,* 21, p. 114–15, (15th ed. 1993); LaFave and Scott, *Substantive Criminal Law,* 1.6, p. 41–42 (Vol. 1 1986). The United States Supreme Court has ruled that the individual state can determine what, if any, disenfranchisement it assigns to the ex-convict. In *Richardson v. Ramiriez,* 418 U.S. 24, 94 S.Ct. 2655, 41 L.Ed.2d 551 (1974), the United States Supreme Court upheld California's law which denied ex-convicts the right to register and vote. After a long discussion of whether the issue was moot, the Court determined that since the second section of the Fourteenth Amendment provided that a state's representation in Congress was to be reduced to the extent that the state denies or abridges it's citizens' right to vote, "except for participation in rebellion, or other crime," the California Supreme Court erred in holding California could no longer, consistent with the Equal Protection Clause, exclude from franchisement felons who had completed their sentences and paroles. *Id.* at 56, 94 S.Ct. at 2671. In reaching this conclusion, the United States Supreme Court delved into the history of the first section of the Fourteenth Amendment, which includes the Equal Protection Clause. *Id.* at 41–49, 94 S.Ct. at 2665–69. The majority of the Court agreed that the framers of the Constitution did not intend that the first section of the Four-

---

1. Rule 4(c) of the Federal Rules of Civil Procedure provides that:
   (2)(A) A summons and complaint shall, except as provided in subparagraphs (B) and (C) of this paragraph, be served by any person who is not a party and is not less than 18 years of age.

Thus, the federal rules, with minor exceptions, now permit private persons to serve process. However, there is little which discusses what role a felon would have in the service of process.

144

teenth Amendment prohibit outright that which was expressly exempted from the lesser sanction of reduced representation found in section two. *Id.* at 54–55, 94 S.Ct. at 2670–71.

In West Virginia, there is no constitutional or statutory provisions that specifically prohibit a person convicted of a felony from serving process. Our statutes allow convicts to testify in court.[2] Other jurisdictions seem split on whether a convicted felon is permitted to testify in court.[3] Although several states still do not permit such testimony,[4] many others have removed the conviction of crime generally as a reason for disqualification.[5] Instead, the witness' conviction was brought out on cross-examination and it was the jury's duty to consider the witness' criminal record in determining the credibility of his testimony. *See State v. Crummitt,* 123 W.Va. 36, 13 S.E.2d 757 (1941); *State v. McAboy,* 160 W.Va. 497, 236 S.E.2d 431 (1977).

In federal court, even a convicted perjurer is permitted and considered competent to testify. In *Schoppel v. United States,* 270 F.2d 413 (4th Cir.1959), the Court found that:

[T]he trend in recent years has been to allow any person of competent understanding to testify and to let the jury take into account the character of the witness in determining his credibility and the weight to be accorded his testimony. The Supreme Court so held in regard to a convicted felon in *Rosen v. United States,* 1918, 245 U.S. 467, 38 S.Ct. 148, 62 L.Ed. 406, and a similar liberal view of admissibility was announced in respect to the testimony of a wife called as a witness for her husband, abrogating the ancient rule of exclusion, *Funk v. United States,* 1933, 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369.

When Rule 26 of the Federal Rules of Criminal Procedure, Title 18 U.S.C.A., was later adopted pursuant to congressional authorization, it embodied the same doctrine. It provides in part:

... the admissibility of evidence and the competency and privileges of witnesses shall be governed, except when an act of Congress or these rules otherwise provide, by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.

The Advisory Committee on Rules noted that this rule contemplates the development of a uniform body of rules of evidence for criminal cases in the Federal Courts, and that while based on the common law, it "does not fetter the applicable law of evidence to that originally existing at common law," but that "the law may be modified and adjusted from time to time by judicial decisions." F.R.Cr.Proc., 18 U.S.C.A. p. 255.

2.  West Virginia Code § 57–3–5 states that "[c]onviction of felony or perjury shall not render the convict incompetent to testify, but the fact of conviction may be shown in evidence to affect his credibility." *See* W.Va.Code § 28–5–36; W.Va.Code § 62–8–6.

3.  *See* Note, *The Need for Reform of Ex–Felon Disenfranchisement Laws,* 83 Yale L.J. 580 (1974); *see also* Note, *The Equal Protection Clause as a Limitation on the State's Power to Disenfranchise Those Convicted of a Crime,* 21 Rutgers L.Rev. 299 (1967).

4.  *See Moster v. Bower,* 153 Ind.App. 158, 286 N.E.2d 418 (1972); *Moore v. State,* 26 Md.App. 556, 338 A.2d 344 (1975); *State v. Simmons,* 52 N.J. 538, 247 A.2d 313 (1968); *Blocker v. State,* 118 Tex.Crim. 202, 40 S.W.2d 803 (App.1931).

5.  In *People v. Beard,* 197 A.D.2d 582, 602 N.Y.S.2d 430 (1993), the New York court ruled that neither alcoholism nor a prior criminal conviction rendered the person testifying an inherently incredible witness in a first degree robbery prosecution. In *State v. Neumann,* 148 Ill. App.3d 362, 101 Ill.Dec. 899, 499 N.E.2d 487 (1986), *cert. denied,* 481 U.S. 1051, 107 S.Ct. 2184, 95 L.Ed.2d 840 (1987), the court held that a criminal record does not disqualify a person from testifying; it merely goes to his credibility. *See also Parrish v. Brooks,* 856 S.W.2d 522 (Tex. App.1993); *State v. Huntley,* 474 So.2d 42 (La. App.1985); *Lassiter v. State of Georgia,* 175 Ga. App. 338, 333 S.E.2d 412 (1985); *State v. Valeriano,* 191 Conn. 659, 468 A.2d 936 (1983); *State v. Huffman,* 659 S.W.2d 571 (Mo.App.1983); *Eichelberger v. Barnes Hospital,* 655 S.W.2d 699 (Mo.App.1983); *State v. Carter,* 91 N.J. 86, 449 A.2d 1280 (1982); *Stone v. State,* 118 Ga. 705, 45 S.E. 630 (1903); *Sutton v. Fox,* 55 Wis. 531, 13 N.W. 477 (1882); *Koch v. State,* 126 Wis. 470, 106 N.W. 531 (1906). Some states permit ex-convicts to testify, except in cases involving perjury. *Ex Parte Marshall,* 207 Ala. 566, 93 So. 471, 25 ALR 338 (1922); *Lowe v. State,* 58 Okla. Crim. 233, 52 P.2d 115 (App.1935).

For other criminal cases, decided both before and after the adoption of Rule 26, which hold that convicted felons are competent to testify, see: *United States v. Segelman,* D.C.W.D.Pa.1949, 83 F.Supp. 890; *Chapman v. United States,* 5th Cir. 1926, 10 F.2d 124; *Peace v. United States,* 7th Cir.1921, 278 F. 180; *Ammerman v. United States,* 8th Cir.1920, 267 F. 136, 143. Indeed, the practice of calling prisoners as witnesses is so common that the objection is now seldom raised and never upheld in federal courts, and in the states too the common law rule has generally been abandoned, except for those convicted of perjury. 2 Wigmore § 519, (3rd Ed. 1940). Even a convicted perjurer may competently testify in a Federal Court. *United States v. Margolis,* 3rd Cir.1943, 138 F.2d 1002.

*Id.* at 415–16. In *Schoppel,* the Fourth Circuit felt that it was better to "let the witnesses be heard and trust the practical sagacity of the jurors who have been made fully aware of their informant's shortcomings" instead of forbidding them to testify. *Id.* at 416.

Like other states, West Virginia has limited the rights of convicted felons.[6] Article 4, section one, of the West Virginia Constitution states that no one "who is under conviction of treason, felony, or bribery in an election ... shall be permitted to vote while such disability continues...." Consistent with this wording, the West Virginia Supreme Court held that after completing the punishment fixed by judgment, a person convicted of bribery in an election can again vote. *Osborne v. Kanawha County Court,* 68 W.Va. 189, 69 S.E. 470 (1910). Further, the Attorney General expressed the opinion that a person convicted of any of the listed offenses in Article 4, Section 1, may vote after serving the full term of imprisonment or after he has been pardoned. 51 Op.Att'y.Gen. 182 (1965).

The question of who can vote is crucial in determining who can hold elected office in this State. In Article 4, Section 4, the Constitution provides that only those "citizens entitled to vote, shall be elected or appointed to any state, county, or municipal office...." Thus, once convicted felons regain their right to vote, they also regain their right to hold elected office.

In *Peck,* the Court put great emphasis on the requirement that the process server be "competent to give evidence, ... worthy of belief." 28 S.E. at 708. The primary reason for requiring a process server to be credible and competent to give evidence is in the event the party claimed that he had not received service, the server could testify that process was indeed served upon that party. Nothing in the West Virginia Code or Constitution prohibits an ex-convict from testifying or defines him as not credible.

Accordingly, we hold that a convicted felon who has completed the sentence and paid all fines set by the judgement of the court is considered to be a credible person for the purpose of the service of process pursuant to Rule 4(c) of the West Virginia Rules of Civil Procedure. It would be an odd state of affairs if, in this State, a convicted felon could run for governor and hold that office, but could not serve process because greater credibility is required.

Writ Granted.

---

**6.** Although the issue of the right of a convicted felon to vote or hold office is not before us in this opinion, we find the current state of law informative in our examination of the question of who is considered credible for the purposes of the service of process.