# CHARLESTON.

## OSBORNE *v.* COUNTY COURT.

Submitted November 1, 1910.   Decided November 2, 1910.

ELECTIONS—*Disqualification of Voter "Under Conviction."*
   A citizen who has been convicted of bribery in an election,
and has undergone the punishment fixed by the judgment, is a
qualified voter.

Application by Philip Osborne for writ of *mandamus* to the

County Court of Kanawha County and others to compel registration as a voter.

*Writ Awarded.*

*Littlepage, Cato & Bledsoe,* for petitioner.

*Avis & Hardy,* for respondents.

BRANNON, JUDGE:

Philip Osborne was indicted for bribery in an election, and in 1909 pleaded guilty, and judgment was rendered against him for a fine and costs, which he has paid. Osborne on the 31st day of October, 1910, appeared before the county court of Kanawha county and moved it to put his name as a voter upon the registration list of voters, and the court refused to do so. He asks this Court for a *mandamus* to compel the county court to register him as a voter. The county court defends this application only on the ground of such conviction of Osborne of bribery in an election.

The Constitution, Art. 4, section 1, reads as follows: "The male citizens of the State shall be entitled to vote at all elections held within the counties in which they respectively reside; but no person who is a minor, or of unsound mind, or a pauper, or who is under conviction of treason, felony, or bribery in an election, or who has not been a resident of the State for one year, and of the county in which he offers to vote, for sixty days next preceding such offer, shall be permitted to vote while such disability continues; but no person in the military, naval or marine service of the United States shall be deemed a resident of this State by reason of being stationed therein."

Is Osborne entitled to vote? Is he yet "under conviction" and disability? Or has that conviction lost its disfranchising force by payment of the penalty? Does the suffering of punishment fixed by the judgment remove the disability? The constitution names several things as creating disability to vote, among them "conviction of treason, felony or bribery in an election". These disabilities are not permanent, because the constitution in letter says that disfranchisement shall last only "while such disability continues". While the sentence stands unexecuted the party is "*under* conviction", he stands "under" it, it rests upon his head; but when he has suffered the penalty,

he has paid the debt, the sentence has spent its force, and no longer hovers over him. Now, no one can deny that this disability from conviction of crime is one that is removable, since the words, "while such disability continues", apply to all the disabilities specified. It is said that it can only be ·removed by pardon. We cannot think so. The clause says that it may cease, and does not say that it can only cease by pardon. That word "under", in connection with the words, "while such disability continues", indicates that when the sentence had been executed the party is no longer *under* conviction. Reflect that the party is a citizen, as the constitution says "All persons residing in this state, born or naturalized in the United States, and subject to the jurisdiction thereof, shall be citizens of this State." Art. 2, section 3. This does not exclude convicts from citizenship, and we should not deprive one having that from the privileges of the citizen, right to vote, except by clear words of disfranchisement. He is under all· burdens and duties of a citizen. He must obey the law, suffer punishment for offence, pay taxes, go to war, answer all demands of his state and government. He ought to have a voice and representation under principles of free government. True, he has once offended, but he has paid the penalty fixed by the law of his state. Reflect that the constitution is broad in its grant of suffrage, declaring that "the male citizens of the state shall be entitled to vote". "All male citizens". This man is one. To exclude him the language must be clear. He comes in under the broad grant, and to exclude him he must plainly, clearly, beyond doubt, come within the exception. It is wrong to debar of a great privilege except where there is no escape from it. Mere doubt, mere inference, guess that having once sinned he is forever under ban and loss of high right, deemed essential for defence of his dearest interests, will not do. I suggest, with confidence of the force of the suggestion, that reference to the law which applies to sufferage in Virginia prior to the formation of West Virginia, will fortify the position we take. The, constitution of 1830 said that "the right of suffrage shall not be exercised by any person of unsound mind, or who shall be a pauper, or a non-commissioned officer, soldier, seaman or marine in the service of the United States, or by any person convicted of any infamous offence". This language would exclude from suffrage

though the convict had suffered punishment. The Virginia constitution of 1851 said that "No person shall have the right to vote who is of unsound mind, or a pauper, or a non-commissioned officer, soldier, seaman or marine in the service of the United States, or who has been convicted of bribery in an election, or of any infamous crime". This would exclude from suffrage a convict though he had suffered punishment. It will be seen, too, that neither of those two constitutions contained the words of our constitution, "while such disability continues". The constitution of 1851 governed in the territory of West Virginia until 20th June, 1863, when the first constitution of the new state became operative. It reads: "The white male citizens shall be entitled to vote at all elections held within the election district in which they respectively reside; but no person who is a minor, or of unsound mind, or a pauper, or who is under conviction of treason, felony or bribery in an election, or who has not been a resident of the State for one year, and of the county in which he offers to vote for thirty days, next preceding such offer, shall be permitted to vote while such disability continues." Here is change. The constitution abandoned the words of the Virginia constitution "who has been convicted", and substituted the words "under conviction", and after specifying disability, including such conviction, inserted the words, "while such disability continues". So with the constitution of 1872, now in force. This change tells of an intention. The Virginia constitution disfranchised a convict during life, no matter that he had undergone the punishment. His disability continued. The intention of the new state constitution was to abolish that severe proscription because it disused the words "has been convicted", and put in the words "under conviction" and "while such disability continues", words not in the Virginia constitution. Elaborate search for authority from other states has been made without revealing any of much import. Our constitution is said to be peculiar. We must take its words and apply a reasonable construction, one favoring the great privilege and right of the citizen, rather than disfranchisement and unforgiveness. In our day of advanced civilization government is more liberal, enduring penalties less favored, participation in free government more than formerly, disfranchisement more limited. As reflecting this spirit I may refer

to our statute making a convict a competent witness, if he has been punished. This repeals the rigorous common law rule which forever barred the convict as a witness. Most of our states have similar statutes. In England in 1843, following this liberalizing tendency, a statute was enacted making the enduring punishment have the effect of pardon for conviction of crime not punishable with death. 1 Greenleaf, section 378a. In its text it is said that absolute exclusion as witnesses for crime cannot be defended, and is almost everywhere abolished. "In a few jurisdictions the old crudities remain."

As the word "disability" is used in our constitution in the clause before us, it may not be without force to say that when our present constitution was made we had, still have, a statute saying that the words "under disability", in a statute include married women, minors, "and convicts while in the penitentiary".

So far as I have heard the opinion of the legal profession it accords with our holding, and I will remark, to show the construction which the executive department has given the clause, that in 1905 Attorney General Freer in an opinion addressed to Governor White held "as has been the uniform practice in this state that a person who has served his full term of punishment, or been pardoned, is entitled to vote." He had given the same construction to Governor White in 1903. Attorney General Rucker, in 1899, gave the same construction in a communication to Governor Atkinson. My understanding is that those governors acted on that construction.

*Writ Awarded.*