UNITED STATES of America, Appellee,

v.

Scott S. FOXWORTH, Defendant,
Appellant.

No. 78–1449.

United States Court of Appeals,
First Circuit.

Argued March 7, 1979.

Decided May 9, 1979.

Willie J. Davis, Boston, Mass., by appointment of the Court, for defendant, appellant.

Elliot D. Lobel, Asst. U. S. Atty., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before ALDRICH and CAMPBELL, Circuit Judges, and GIGNOUX, District Judge.*

* Sitting by designation.

1. Jurors in the District of Massachusetts are selected pursuant to a Plan for Random Selection of Jurors adopted by the district court pursuant to Section 1863 of the Act. Under the plan, the District is divided into an Eastern Division and a Western Division for jury selection purposes. The names of persons to be considered for jury service are to be selected at random from the voting lists of all the cities and towns within the appropriate division. These randomly-selected names are placed in a Master Jury Wheel. From time to time as necessary the Clerk draws the names from the Master Jury Wheel and mails jury qualifications questionnaires to those persons whose

GIGNOUX, District Judge.

On April 19, 1978 a federal grand jury at Boston indicted Scott S. Foxworth for murder, a violation of 18 U.S.C. § 1111. On April 20, his present attorney was appointed to represent him. On April 28, defendant filed a motion to dismiss the indictment on the ground that the grand jury which returned the indictment was not selected in accordance with the Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1861 *et seq.* (hereafter "the Act"). The motion alleged that the system employed in the selection of the grand jury did not permit selection at random from a fair cross section of the community and did not permit proportional representation of political subdivisions. In support of his motion, defendant attached an unsworn report, authored by Joseph J. Barnard, a doctoral candidate at the Massachusetts Institute of Technology (hereafter "the Barnard Report"), which disclosed that certain cities and towns in the Eastern Division of the District of Massachusetts were not represented in the Master Jury Wheel for the year 1977,[1] from which the members of the grand jury that indicted Foxworth were chosen.[2] In addition, the motion to dismiss alleged that Section 1865(b)(5) of the Act, which disqualifies from jury service those convicted of or charged with certain crimes, is unconstitutional because it arbitrarily excludes an identifiable class of persons from serving on juries in violation of the Sixth Amendment. No evidence was ever taken, nor requested to be taken, on the motion to dismiss. The motion was denied by the district court on June 15.

names are so drawn. The names of those not disqualified, exempt or excused from jury service are then placed in a Qualified Jury Wheel, the source from which grand and petit juries are ultimately selected.

2. The municipalities which the report indicated were not represented in the Master Jury Wheel for the Eastern Division were Andover, Barnstable, Bedford, Bellingham, Boxford, Braintree, Bridgewater, Brockton, Cambridge, Canton, Carlisle, Clinton, Fall River, Georgetown, Holden, Lincoln, Lynn, Malden, Millis, New Bedford, Newton, Scituate, Watertown and Weymouth.

Following a jury trial, defendant was convicted of murder in the second degree. His present appeal assigns error to the district court's denial of his motion to dismiss the indictment. As we conclude (1) that defendant did not properly preserve his claim that the jury selection process was not in compliance with the Act; (2) that, in any event, defendant has made no showing of a substantial failure to comply with the Act; and (3) that there is no merit in defendant's constitutional challenge to Section 1865(b)(5) of the Act, we affirm the conviction.

## I

■■■ Defendant has failed to meet the strict prerequisites that Congress established for challenging juries alleged to have been selected in violation of the Act. Section 1867(a) of the Act provides that a defendant, by motion to dismiss the indictment, may challenge jury selection procedures for substantial failure to comply with the Act. Section 1867(d) requires that the motion contain "a sworn statement of facts, which, if true, would constitute a substantial failure to comply with the provisions of this title." Section 1867(e) states that "the procedures prescribed by this section shall be the exclusive means by which a person accused of a Federal crime . . . may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title." Defendant's motion to dismiss did not contain the required sworn statement of facts. The report filed in the lower court with the motion to dismiss was not sworn, nor did defendant offer any evidence in support of

the motion, as allowed by Section 1867(d). His failure to comply with the express statutory requirement of Section 1867(d) precludes his statutory challenge to the jury selection process. *United States v. Kennedy,* 548 F.2d 608, 612–14 (5th Cir.), *cert. denied,* 434 U.S. 865, 98 S.Ct. 199, 54 L.Ed.2d 140 (1977); *United States v. Jones,* 480 F.2d 1135, 1139 (2d Cir. 1973); *United States v. James,* 453 F.2d 27, 29 (9th Cir. 1971); H.R.Rep.No.1076, 90th Cong., 2d Sess., *reprinted in* [1968] U.S.Code Cong. & Admin.News, pp. 1792, 1806; *see Government of the Virgin Islands v. Navarro,* 513 F.2d 11, 18 (3rd Cir.), *cert. denied,* 422 U.S. 1045, 95 S.Ct. 2662, 45 L.Ed.2d 698 (1975).[3]

## II

■■■ Despite defendant's failure properly to preserve his statutory challenge to the jury selection procedure, we have considered his claims of noncompliance with the Act, and find them to be without merit.

Defendant first contends that prospective jurors were not selected at random from a "fair cross section of the community" as required by the Act. *See* 28 U.S.C. §§ 1861, 1863(a), (b)(3). In order to demonstrate a violation of the statutory "fair cross section" standard, a defendant must show that a "distinctive" group, that is, a "cognizable" group, was excluded from the jury selection process; that such group was "systematically excluded"; and that because of such exclusion the jury pool failed to be "reasonably representative" of the community. *United States v. Test,* 550 F.2d 577, 585 (10th Cir. 1976). *See Duren v. Missouri,* —— U.S. ——, 99 S.Ct. 664, 58 L.Ed.2d 579

---

**3.** It also appears that defendant's motion to dismiss was not timely filed. Section 1867(a) of the Act requires that such a motion be filed "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds, therefor, whichever is earlier." The motion was filed on April 28, 1978, nine days after the indictment and eight days after the appointment of defendant's present counsel. Appended to the government's brief is a copy of a memorandum filed by defendant's counsel on January 9, 1978 in support of a similar motion to dismiss in anoth-

er case, to which was attached an identical copy of the Barnard Report. It is thus evident that the grounds for the instant motion were known to defendant's counsel at the time of his appointment. The eight-day delay in filing the motion to dismiss was longer than is permitted by Section 1867(a) and is also a bar to defendant's statutory challenge. *United States v. Rickus,* 351 F.Supp. 1386, 1387–88 (E.D.Pa.1972), *aff'd,* 480 F.2d 919 (3rd Cir.), *cert. denied,* 414 U.S. 1006, 94 S.Ct. 365, 38 L.Ed.2d 243 (1973); *United States v. Arnett,* 342 F.Supp. 1255, 1258 (D.Mass.1970).

**4**

(1979); *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975); *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *United States v. Butera,* 420 F.2d 564 (1st Cir. 1970). In the present case, defendant has failed to meet his burden of establishing any one of these requirements. He has not shown that the registered voters in the various cities and towns allegedly excluded from the Master Jury Wheel constitute a cognizable group. Indeed, it can hardly be asserted that the registered voters in a given city or town are sufficiently "distinct" to constitute a cognizable group. *United States v. Butera, supra* at 571–72;[4] *see United States v. Potter,* 552 F.2d 901, 903–05 (9th Cir. 1977). In addition, defendant has pointed to no evidence indicating that there was any systematic exclusion of voters of these cities and towns or that the exclusion of these voters resulted in a jury pool not reasonably representative of the community. *United States v. Test, supra* at 586–87; *United States v. Butera, supra* at 567–69, 574.

Defendant's second claim is that the jury selection system failed to ensure that political subdivisions were substantially proportionally represented in the Master Jury Wheel, as required by Section 1863(b)(3) of the Act. Section 1863(b)(3) provides that each jury selection plan "shall ensure that each county, parish, or similar political subdivision within the district or division is substantially proportionally represented in the master jury wheel." Defendant has made no showing, unsworn or otherwise,

that any county or parish was not properly represented in the jury pool. It it not suggested that a city or town is a political subdivision similar to a county or parish. Nor has defendant shown that any lack of representation of the excluded cities and towns significantly affected the proportional representation of the counties within which such cities and towns are situated.[5]

## III

Section 1865(b)(5) of the Act disqualifies from jury service persons convicted of or charged with a crime punishable by imprisonment for more than one year whose civil rights have not been restored. This disqualification is intended to assure the "probity" of the jury. H.R.Rep.No.1076, 90th Cong., 2d Sess., *reprinted in* [1968] U.S.Code Cong. & Admin.News, pp. 1792, 1796. It is rationally based, and hence is not unconstitutional. *United States v. Test, supra* at 594; *United States v. Arnett, supra* at 1261; *see Richardson v. Ramirez,* 418 U.S. 24, 41–56, 94 S.Ct. 2655, 41 L.Ed.2d 551 (1974).

*Affirmed.*

---

4. In *United States v. Butera, supra,* which arose before the effective date of the Jury Selection Act, we held that residents of counties did not constitute a cognizable group for purposes of the Sixth Amendment requirement that juries be selected from a fair cross section of the community. *See Thiel v. Southern Pacific Co.,* 328 U.S. 217, 220, 66 S.Ct. 984, 90 L.Ed. 1181 (1946); *Glasser v. United States,* 315 U.S. 60, 85–86, 62 S.Ct. 457, 86 L.Ed. 680 (1942). We there said,

> [W]e are not aware that residents of counties can be said to hold views and attitudes which are in any way "distinct" from those of their neighbors in nearby counties, nor has defendant given us any evidence of such distinctness. While common experience tells us that people's attitudes differ to some degree along

lines of age, sex and extent of education, we are not aware that they differ along county lines. . . . That term [distinctness] would have no meaning at all were we to say—in the absence of any supporting evidence—that residents of some counties have views and attitudes genuinely distinct from those of nearby counties.

*United States v. Butera, supra* at 572. Similarly, in the present case, we cannot see that the views and attitudes of voters of one city or town are in any way "distinct" from those of voters in a neighboring community.

5. We note that the unrepresented cities and towns listed in the Barnard Report are not concentrated in any particular county.