UNITED STATES of America,
Plaintiff–Appellee,

v.

Ronald E. HEFNER,
Defendant–Appellant.

No. 87–5149.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 5, 1988.

Decided March 24, 1988.

Daniel Jefferson Post, Buckhannon, W.Va., for defendant-appellant.

David E. Godwin, Asst. U.S. Atty. (William A. Kolibash, U.S. Atty., Martin P. Sheehan, Asst. U.S. Atty., Wheeling, W.Va., on brief), for plaintiff-appellee.

Before WIDENER and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.

WILKINS, Circuit Judge:

Ronald E. Hefner appeals from a conviction entered pursuant to a conditional plea of guilty to attempted bank robbery in violation of 18 U.S.C.A. § 2113(a) (West 1984 & Supp.1987). We affirm.

## I.

The one-count indictment against Hefner was returned by a grand jury on May 14, 1987.[1] Approximately one week later the government learned that the grand jury foreman had been convicted of a felony almost 30 years before. On May 26 the government filed a motion to excuse the foreman and to seek the release of juror questionnaires and certain transcripts. Following a hearing, the chief judge of the district denied the motions. The foreman continued to sit as a member of the grand jury through the end of 1987.

After being notified by the government of the foreman's prior conviction, Hefner's attorney moved to dismiss the indictment. The district court denied the motion, finding the prior ruling of the chief judge binding.

In September 1987 Hefner entered a conditional plea of guilty pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, expressly reserving his right to appeal the validity of the indictment. He contends that the foreman was ineligible to serve on the grand jury and that testimony before the grand jury was unsworn because the foreman was not qualified to administer the required oath to witnesses.

## II.

Section 1865(b)(5) of Title 28 provides that the court will qualify a citizen for service on the grand jury unless he:

[H]as a charge pending against him for the commission of, or has been convicted in a State or Federal court of record of, a crime punishable by imprisonment for more than one year and his civil rights have not been restored.

28 U.S.C.A. § 1865(b)(5) (West 1966 & Supp.1987). It is undisputed that the grand jury foreman had been convicted of a crime punishable by more than one year of imprisonment. However, if the foreman's civil rights had been restored he would have been eligible to serve. No guidance is given by statute for making this determination.

This provision, initially enacted as part of the Jury Selection and Service Act of 1968,[2] was designed to ensure the "probity" of the jury. *United States v. Foxworth*, 599 F.2d 1, 4 (1st Cir.1979). As originally drafted, this provision stated that a convicted felon was ineligible to serve on a grand jury unless his civil rights had been restored "by pardon or amnesty." This phrase was subsequently deleted by amendment in the Jury System Improvements Act of 1978.[3] The legislative history of this amendment indicates congressional concern that the "pardon or amnesty" requirement unduly limited the potential means by which an individual's civil rights could be restored. H.R.Rep. No. 1652, 95th Cong., 2d Sess., *reprinted in* 1978 U.S. Code Cong. & Admin.News 5477, 5483. The legislative history does, however, demonstrate congressional intent that an affirmative act is necessary to restore a felon's civil rights. *Id.*

The Hefner grand jury foreman possesses several characteristics of one whose civil rights have been restored. For example, he is eligible to vote under West Virginia law, *Osborne v. Kanawha County Court*, 68 W.Va. 189, 69 S.E. 470 (1910), and to hold certain political offices in the state. *Webb v. Raleigh County Court*, 113 W.Va. 474, 168 S.E. 760 (1933). However, apparently he is ineligible to sit on a West Virginia grand or petit jury, W.Va.Code § 52–1–8(b)(6) (1981 Repl. Vol. & Supp. 1987), or to serve as a state legislator. W.Va. Const. art. VI, § 14. More importantly, the foreman's civil rights clearly have not been restored by an affirmative act such as pardon, amnesty or expunction of his conviction.

We hold that some affirmative act recognized in law must first take place to restore one's civil rights to meet the eligibility requirements of section 1865(b)(5). This will promote stability and predictability in de-

---

**1.** The grand jury was impaneled on May 11, 1987.

**2.** Pub.L. No. 90–274, § 101, 82 Stat. 58 (1968).

**3.** Pub.L. No. 95–572, § 3(a), 92 Stat. 2453 (1978).

termining the eligibility of a potential grand juror and maintain integrity in the grand jury process. We therefore conclude that the foreman of Hefner's grand jury was ineligible to serve in that capacity due to his prior conviction and the lack of restoration of his civil rights. He should have been removed from the grand jury pursuant to the government's motion to disqualify.

## III.

Not every deficiency in a grand jury proceeding requires dismissal of an indictment. *United States v. Mechanik*, 475 U.S. 66, 71–72, 106 S.Ct. 938, 942, 89 L.Ed. 2d 50 (1986). Thus, despite our determination that the grand jury foreman was not qualified to serve, Hefner's conviction should be affirmed on the basis of harmless error. Fed.R.Crim.P. 52(a).

In *Mechanik* two witnesses appeared in tandem before a grand jury in violation of Federal Rule of Criminal Procedure 6(d). Subsequent indictments issued by this grand jury resulted in convictions. The Supreme Court upheld the convictions, stating that the petit jury verdict made "reversal of the conviction[s] and dismissal of the indictment[s] inappropriate." 475 U.S. at 70, 106 S.Ct. at 941. The Court, applying a harmless error analysis, rejected the idea that violations of Rule 6(d) require automatic reversal without a showing of prejudice. Instead, the Court determined that the petit jury's findings of guilt rendered harmless any error in the grand jury proceedings.

Hefner contends that *Vasquez v. Hillery*, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986), rather than *Mechanik*, controls our result. *Vasquez* dealt with the systematic and discriminatory exclusion of blacks from service on grand juries. The Court stated that such an exclusion could not be harmless "even if a grand jury's determination of probable cause is confirmed in hindsight by a conviction on the indicted offense." 474 U.S. at 263, 106 S.Ct. at 623.

The Court in *Mechanik* specifically pointed out that the *Vasquez* holding was limited to its particular facts, stating that "these considerations have little force outside the context of racial discrimination in the composition of the grand jury." *Mechanik*, 475 U.S. at 70 n. 1, 106 S.Ct. at 942 n. 1. Clearly, the present question more closely parallels the issue before the Court in *Mechanik* than the one confronting the Court in *Vasquez*. In *Vasquez*, a presumption of prejudice arose because racial discrimination was involved. Here, as in *Mechanik*, no prejudice is presumed and the harmless error analysis of Rule 52(a) should apply. While Hefner entered a conditional guilty plea as compared to the defendant in *Mechanik* who was found guilty by a petit jury, the underlying concern in *Mechanik* was whether an error existed which affected the basic determination of guilt, and here, guilt was conceded.

## IV.

Hefner argues unpersuasively that the testimony leading to his indictment was improper because the grand jury foreman was not qualified to administer the required oath to witnesses. This error did not affect the validity of the witnesses' testimony nor did it taint the return of the indictment, for the witnesses were not aware of the foreman's lack of legal authority to administer the oath. The foreman possessed the qualifications of a *de facto* officer and witnesses acted "upon the assumption that he [was] a rightful officer." *Waite v. Santa Cruz*, 184 U.S. 302, 323, 22 S.Ct. 327, 334, 46 L.Ed. 552 (1902). This holding is consistent with the result reached by this court in *Jordan v. United States*, 60 F.2d 4, 6 (4th Cir.1932), where a perjury conviction was upheld despite the fact that the oath which gave rise to the charge was administered by an improperly sworn special master.

Although the foreman was ineligible to serve on the grand jury, automatic reversal is not required in the absence of a showing of prejudice. There is no indication here that the error tainted Hefner's grand jury proceedings and the decision of the grand jury to indict.

AFFIRMED.