940 F.2d 654
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Edward RANCHER, Defendant-Appellant.
 No. 90-5112.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 1, 1991.
Decided Aug. 1, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CR-89-268)
 Geary M. Battistelli, Beneke, Battistelli & Bremer, Wheeling, W.Va., for appellant.
 William A. Kolibash, United States Attorney, Robert H. McWilliams, Assistant United States Attorney, Wheeling, W.Va., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before K.K. HALL, MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Edward Rancher appeals from the judgment entered by the district court following a jury verdict finding Rancher guilty of federal narcotics violations. We affirm.
 
 
 2
 Rancher was arrested following a raid by local police upon an apartment belonging to Steve Burress. Police had obtained a warrant to search the apartment and, although they knocked and announced their identity and the fact that they had a warrant, they did not wait before entering the apartment. The occupants of the apartment, including Rancher, were ordered to lie on the floor. Rancher had to be instructed several times to lie down. After patting him down, police ordered Rancher to roll over. When he did, baggies containing cocaine powder and cocaine base were found directly under him. Rancher was placed under arrest and a more thorough search revealed $1,900 in cash secreted in his underwear. Rancher was subsequently indicted on charges of conspiracy to possess cocaine with intent to distribute and possession of cocaine with intent to distribute.
 
 
 3
 Prior to trial Rancher moved to suppress the cocaine and cash. He argued that the search violated 18 U.S.C. Sec. 3109, the federal "knock and announce" statute.* The government argued that Rancher lacked standing to challenge the search. The motion was referred to a magistrate judge for proposed findings and recommendations. Following a hearing, the magistrate judge, noting that the government had presented no support for its standing argument, assumed for the purpose of decision that Rancher had standing, but held that nonetheless, on the merits, exigent circumstances justified dispensing with the waiting requirement of Sec. 3109. The district court adopted the magistrate judge's report and denied the suppression motion.
 
 
 4
 Following denial of the suppression motion the case proceeded to trial and the jury convicted Rancher on both counts. Rancher moved both at the close of the government's case, and at the close of trial, for acquittal; both motions were denied. Two days after trial ended Rancher moved for a new trial arguing that the jury selection process in the Northern District discriminated against blacks. The district court denied this motion as well and subsequently sentenced Rancher to 160 months' imprisonment, to be followed by five years of supervised release; it also imposed a fine of $5,000 and special assessments totalling $100. Rancher filed a timely notice of appeal raising four claims which we address in turn.
 
 
 5
 Whether a defendant may challenge the legality of a search which has produced evidence against him involves an analysis of substantive fourth amendment law. Rakas v. Illinois, 439 U.S. 128, 140 (1978). Fourth amendment rights are personal, and the defendant must show that he himself had a "legitimate expectation of privacy" in the area searched. Id. at 140; United States v. Salvucci, 448 U.S. 83, 91-92 (1980). If a defendant has no such expectation then he may not challenge the legality of the search or have evidence obtained during the search suppressed. Rancher was no more than a temporary guest in Burress's apartment; he had shown up to participate in a dice game. As a casual guest he had no legitimate expectation of privacy in Burress's apartment and thus could not challenge the legality of the search. We therefore affirm the denial of the motion to suppress on this basis. We express no opinion as to whether the facts of this case gave rise to exigent circumstances obviating the requirement that officers await refusal before entering the premises to conduct a search.
 
 
 6
 Rancher argues that the search which led to the discovery of the narcotics was improper. Though we note the criticism that has been directed at police policies of searching all persons present during the execution of narcotics search warrants, see United States v. Harvey, 897 F.2d 1300, 1304 n. 2 (5th Cir.), cert. denied, 59 U.S.L.W. 3405 (U.S.1990); United States v. Flett, 806 F.2d 823, 829 n. 9 (8th Cir.1986), this alone does not invalidate the present search, see Flett, 806 F.2d at 829. The officers were required to have a reasonable suspicion that Rancher in particular posed a threat to them. The fact that the officers knew they were executing a search warrant for narcotics and had some information that weapons might be present, when coupled with the additional specific facts that Rancher had to be instructed several times to lie down on the floor and when he complied with that order he nonetheless continued to move around, gave the police a reasonable suspicion that Rancher might pose a threat of harm to them.
 
 
 7
 Rancher appeals the denial of his motion for acquittal. The test for deciding a motion for acquittal is whether there is sufficient evidence which, giving the government the benefit of all reasonable inferences, would sustain a jury finding that the defendant was guilty beyond a reasonable doubt. United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982). In testing the sufficiency of the evidence, this Court must give "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence need not exclude every hypothesis, but need only be sufficient enough that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.
 
 
 8
 The evidence in this case was sufficient to go to the jury on both counts. The cocaine was found directly under Rancher when he was ordered to turn over. That other plausible explanations may have been offered by the defense does not render the evidence insufficient.
 
 
 9
 Rancher next challenges the denial of his motion for a new trial. Two days after the jury returned its verdict Rancher moved for a new trial arguing that blacks had been underrepresented in the jury pool. The court denied this motion finding no factual support for Rancher's claim.
 
 
 10
 Under 28 U.S.C. Sec. 1867(d) a defendant challenging the method by which juries are selected is required to file along with his motion a "sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title." Failure to file such a sworn statement requires that the motion be denied. United States v. LaChance, 788 F.2d 856, 870 (2d Cir.), cert. denied, 479 U.S. 883 (1986); United States v. Wellington, 754 F.2d 1457, 1468 (9th Cir.), cert. denied, 474 U.S. 1032 (1985); United States v. Foxworth, 599 F.2d 1, 3 (1st Cir.1979); United States v. Kennedy, 548 F.2d 608, 613 (5th Cir.), cert. denied, 434 U.S. 865 (1977). Rancher failed to file a sworn statement of facts in support of his motion and it could have been denied on that basis alone. In addition, as the district court found, the available facts did not support Rancher's motion.
 
 
 11
 Finally, Rancher argues that there was insufficient evidence to convict him of the conspiracy because the government's witnesses were not credible. This claim is without merit. The credibility of witnesses is strictly a matter for the jury. United States v. Cecil, 836 F.2d 1431, 1441 (4th Cir.), cert. denied, 487 U.S. 1205 (1988). Rancher's counsel pointed out to the jury all those elements which Rancher contends rendered the government's witnesses unreliable; the jury, however, was unconvinced. There was sufficient evidence to support the jury's verdict.
 
 
 12
 Accordingly, we affirm Rancher's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.
 
 
 
 *
 As the federal statute merely expesses the common law rule it is equally applicable in the present context where local officers executed a state warrant. Simons v. Montgomery County Police Officers, 762 F.2d 30, 33 (4th Cir.1985), cert. denied, 474 U.S. 1054 (1986)