958 F.2d 369
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael G. BALL, Defendant-Appellant.
 No. 90-5363.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 6, 1992.
Decided March 19, 1992.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-89-272)
 Argued: Leonard A. Kaplan, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Michael Lee Keller, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 On brief: Michael W. Carey, United States Attorney, Paul A. Billups, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 REVERSED IN PART
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Michael Ball appeals his conviction under 18 U.S.C. § 922(g)(1) for possession of a firearm by a convicted felon. Section 921(a)(20) of Title 18 excepts from the felonies encompassed in section 922(g)(1) those state convictions for which an ex-felon has had his civil rights restored. Ball contends that his civil rights were restored by the State of West Virginia after his previous state court convictions and that, by virtue of 18 U.S.C. § 921(a)(20), these prior crimes were not felonies for purposes of 18 U.S.C. § 922(g)(1). We agree and reverse his conviction.
 
 
 2
 Section 922(g)(1) of Title 18 prohibits possession of a firearm by a convicted felon.[1] Section 921(a)(20) of Title 18, however, provides that "[a]ny conviction ... for which a person ... has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such ... restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."
 
 
 3
 On March 28, 1983, Ball was convicted in the Circuit Court of Wayne County, West Virginia, of voluntary manslaughter and felonious and malicious wounding. Both crimes were punishable by a term of imprisonment exceeding one year. On March 4, 1986, Ball was convicted in the Circuit Court of Pendleton County, West Virginia, of grand larceny. This crime was also punishable by a term of imprisonment exceeding one year. On June 27, 1987, Ball's sentences for all crimes expired. He was released from prison, and the West Virginia Department of Corrections issued Ball an Official Certificate of Discharge which stated in part, "Any and all civil rights heretofore forfeited are restored."
 
 
 4
 On December 17, 1988, two West Virginia state troopers responded to a radio dispatch reporting a disturbance on Marrowbone Road in Mingo County, West Virginia. After arriving at the scene, they spotted Ball and two other men. The troopers claim that, when they arrived at the scene, they saw the men conceal an object in a red pickup truck. The troopers questioned the men and, while searching the truck, discovered a sawed-off shotgun behind the driver's seat.
 
 
 5
 On December 5, 1989, Ball was charged in a two-count indictment in federal court with possessing an unregistered, sawed-off shotgun, in violation of 26 U.S.C. § 5861(d), and with violating 18 U.S.C. § 922(g)(1), which prohibits possession of a firearm by a convicted felon. He stipulated before his trial that he had been previously convicted of two felonies in state court which were punishable by more than a year's imprisonment. After a jury trial, he was convicted of both federal crimes and was sentenced to twenty-four months' imprisonment on each count, sentences to run concurrently.
 
 
 6
 Ball appeals only his conviction for possession of a firearm by a convicted felon. He concedes, as he stipulated at trial, that he has had two prior state court felony convictions. He contends, however, that upon release from prison his civil rights were restored to him, and therefore he could not have been convicted of violating 18 U.S.C. § 922(g)(1). He acknowledges that he did not make this argument at trial. Accordingly, his conviction can only be reversed if the district court's submission to the jury of the issue of Ball's guilt under Section 922(g)(1) was plain error.
 
 
 7
 In United States v. McLean, 904 F.2d 216, 217 (4th Cir.1990), cert. denied, 111 S.Ct. 203 (1990), we stated that "a person whose civil rights have been restored after serving a sentence will automatically be exempted from the prohibition [contained in section 922(g)(1) ] unless the state affirmatively restricts the former felon from such activities." The government recognizes that, at the time of the incident giving rise to Ball's conviction, no West Virginia law prohibited Ball from possessing a firearm.[2] The government argues instead that, despite his release from prison, Ball's civil rights were never restored for purposes of section 921(a)(20). It cites United States v. Hefner, 842 F.2d 731 (4th Cir.), cert. denied, 488 U.S. 868 (1988), for the proposition that "some affirmative act recognized in law must first take place to restore one's civil rights...." Hefner, of course, involved interpretation of a different federal statute. We need not reach the issue of whether this principle also applies in cases involving section 921(a)(20), because we believe that, even if section 921(a)(20) requires some affirmative act to restore an individual's civil rights, the Offical Certificate of Discharge would satisfy that requirement.
 
 
 8
 Since we believe that the district court's submission to the jury of the issue of Ball's guilt under section 922(g)(1) was plain error, we reverse.[3] See United States v. Polowichak, 783 F.2d 410 (4th Cir.1986) (failure of district court to instruct jury on all elements of crime, whether requested or not, constituted plain error).
 
 REVERSED IN PART
 
 
 [1]
 18 U.S.C. § 922(g) states:
 It shall be unlawful for any person--
 (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ...
 to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
 
 
 [2]
 In fact, West Virginia's constitution expressly includes the right to bear arms. See W.Va. Const. art. III, § 22. West Virginia Code § 61-7-7, however, now makes it a misdemeanor for a felon to possess a firearm, but that statute is irrelevant here because it did not become effective until 1989, after the incident which resulted in Ball's conviction
 
 
 [3]
 Ball did not appeal his conviction under 26 U.S.C. § 5861(d). Our decision, of course, only affects his conviction under 18 U.S.C. § 922(g)(1)