**UNITED STATES of America,**

v.

**Darryl GREEN, et al., Defendants.**

**Criminal No. 02–10301–NG.**

United States District Court,
D. Massachusetts.

Sept. 12, 2005.

Theodore B. Heinrich, Lori J. Holik, United States Attorney's Office, Boston, MA, for Defendants.

## MEMORANDUM ON JURY SELECTION: FELON EXCLUSION

GERTNER, District Judge.

The Jury Selection and Service Act, 28 U.S.C. § 1861 (the "Act" or "JSSA") disqualifies from jury service any person who has "a charge pending against him [or her] for the commission of, or has been convicted in a State or Federal court of record, of a crime punishable by imprisonment for more than one year and his [or her] civil rights have not been restored" is not qualified to serve. 28 U.S.C. § 1865(b)(5). The statute, however, does not define what "civil rights" disqualifications are relevant to the exclusion. Nor does it define the process by which civil rights may be restored, and specifically, whether there has to be an affirmative act restoring rights or whether rights may be restored, in effect, passively, through the passage of time.

"Civil rights" plainly involves the right to vote, to serve on juries, to run for office.[1] With respect to voting: In Massachusetts there is no voting disqualification except for incarcerated felons and only during the period of his/her incarceration.[2] Under the Massachusetts Constitution, Ma. Const. Amend. Art. 3:

> Every citizen of eighteen years of age and upwards, excepting persons who are incarcerated in a correctional facility due to a felony conviction, and, excepting persons under guardianship and persons temporarily or permanently disqualified by law because of corrupt practices in respect to elections who shall have resided within the town or district in which he may claim a right to vote, six calendar months next preceding any election of governor, lieutenant governor, senators or representatives, shall have a right to vote in such election of governor, lieutenant governor, senators and representatives; and no other person shall be entitled to vote in such election.

Likewise, under G.L. c. 51 § 1:

> Every citizen eighteen years of age or older, not being a person under guardianship or incarcerated in a correctional facility due to a felony conviction, and not being temporarily or permanently disqualified by law because of corrupt practices in respect to elections, who is a resident in the city or town where he claims the right to vote at the time he registers, and who has complied with the requirements of this chapter, may have his name entered on the list of

---

1. *See United States v. Cassidy*, 899 F.2d 543, 549 (6th Cir.1990). Civil rights, within the meaning of § 921(a)(20), have been generally agreed to comprise the right to vote, the right to seek and hold public office, and the right to serve on a jury.

2. In this regard Massachusetts stands with most industrialized countries which restore

voting rights immediately after release from prison; indeed, many permit persons in prison to vote as well. Marc Mauer and Tushar Kansal, "Barred for Life: Voting Rights Restoration in Permanent Disenfranchisement States," The Sentencing Project, *www.sentencingproject.org*.

voters in such city or town, and may vote therein in any such election, or except insofar as restricted in any town in which a representative town meeting form of government has been established, in any meeting held for the transaction of town affairs

With respect to jury service, any disqualification lasts only for seven years. G.L. c. 234A section 4 provides:

As of the date of receipt of the juror summons, any citizen of the United States who is a resident of the judicial district or who lives within the judicial district more than fifty per cent of the time, whether or not he is registered to vote in any state or federal election, shall be qualified to serve as a grand or trial juror in such judicial district unless one of the following grounds for disqualification applies:—

* * *

7. Such person has been convicted of a felony within the past seven years or is a defendant in pending felony case or is in the custody of a correctional institution.

. . .

That right is restored after seven years have passed whether or not a pardon has issued. G.L. c. 234A. § 4(7).[3]

With respect to running for office, a felon loses the right to hold public office only while serving his sentence. G.L. c. 279 § 30.

Since there is no permanent civil rights disqualification, there is no affirmative process by which civil rights are restored.[4] Nor do I believe that an affirmative act of restoration is required. Section 1865(b)(5), as originally drafted, stated that a convicted felon was ineligible to serve on a grand jury unless his civil rights had been restored "by pardon or amnesty." This phrase was subsequently deleted by amendment in the Jury System Improvements Act of 1978. The legislative history of this amendment indicates congressional concern that the "pardon or amnesty" requirement unduly limited the potential means by which an individual's civil rights could be restored. H.R.Rep. No. 1652, 95th Cong., 2d Sess., reprinted in 1978 U.S.Code Cong. & Admin. News 5477, 5483. As such, it hardly demonstrates a congressional intent that an affirmative act be required to restore a felon's civil rights. *Id. See United States v. Erwin,* 723 F.Supp. 1285 (D.Ill., 1989) (construing both § 1865(b)(5)and 18 U.S.C. § 921(a)(20) as not requiring an affirmative act.) *Cf. United States v. Hefner,* 842 F.2d 731 (4th Cir.1988) An affirmative act recognized in law must first take place to restore one's

---

**3.** Under G.L. c. 234 § 8 a judge has the discretion to disqualify a convicted felon if the court finds him unfit to serve. Nevertheless, the right to serve on the jury, even if somewhat impaired, is still substantially restored by the time seven years have passed. *See United States v. Caron,* 941 F.Supp. 238 (D.Mass.1996).

**4.** Case law under the Armed Career Criminal Statute, 18 U.S.C. § 921(a)(20) ("ACC"), is not inconsistent with this conclusion. The ACC pivots additional punishment on certain predicate offenses but excludes "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or *has had civil rights restored."* There is one excep-

tion; "unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms." (Italics supplied). In *Caron v. U.S.,* the Supreme Court held that Massachusetts law that permitted a convicted felon whose civil rights had been restored to possess rifles but which restricted his right to carry handguns activated the "unless" clause of federal statute. 524 U.S. 308, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998). Gun ownership, however, is not a civil right, and is irrelevant under the JSSA. *United States v. Caron,* 941 F.Supp. 238, 241 n. 7 (D.Mass. 1996).

civil rights to meet the eligibility requirements of section 1865(b)(5), notwithstanding the legislative history.

Accordingly, I will direct our Jury Administrator to keep individuals in the venire even if they have noted that they have been convicted of a felony, if seven years has passed after the date of the conviction.

**SO ORDERED.**