# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

Assigned On Briefs June 17, 2014

## KENNETH DEWAYNE JOHNSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2011-C-2232   Steve Dozier, Judge**

_____

**No.  M2013-02491-CCA-R3-PC - Filed July 24, 2014**

_____

Petitioner, Kenneth Dewayne Johnson, pled guilty to aggravated assault in Davidson County on November 17, 2011.  On June 10, 2013, Petitioner filed a pro se petition for post-conviction relief, alleging that the trial court lacked jurisdiction because the foreman of the grand jury that issued the indictment was ineligible to serve for being a convicted felon. Petitioner also asserted that he received ineffective assistance of counsel and entered an unknowing and involuntary plea.  The post-conviction court dismissed the petition as untimely.  On August 16, 2013, Petitioner, with the assistance of counsel, filed a second petition for post-conviction relief, arguing that the statute of limitations should be tolled in his case because the ineligibility of the grand jury foreman was not made public knowledge until after the statute of limitations had expired and was, therefore, a "later-arising" ground for relief.  The post-conviction court dismissed the petition, finding that the ineligibility of the grand jury foreman did not divest the trial court of jurisdiction and that Petitioner was not denied effective assistance of counsel.  Petitioner appealed.  Upon a thorough review of the law and the facts in this case, we affirm the decision of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

Manuel B. Russ, Nashville, Tennessee, for the appellant, Kenneth Dewayne Johnson.

Robert E. Cooper, Jr., Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Rachel Sobrero,

Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

In July of 2011, the third session of the Davidson County Grand Jury was empaneled and a foreman was appointed. This grand jury issued over 900 indictments, one of which was indictment number 2011-C-2232, charging Petitioner with one count of aggravated assault of a police officer. In January of 2013, it came to light that the grand jury foreman had been convicted of a felony back in 1977 and was therefore ineligible to serve. *See* T.C.A. § 22-1-102(1); Tenn. R. Crim. P. 6(g)(2). It was this revelation that prompted Petitioner to file for post-conviction relief and which eventually led to this appeal.

On November 17, 2011, Petitioner pled guilty to aggravated assault and received a sentence of six months in incarceration and four years on probation. On January 4, 2013, the trial court revoked Petitioner's probation and placed his four-year sentence into effect. On June 10, 2013, Petitioner filed a pro se petition for post-conviction relief, which was dismissed by the post-conviction court as untimely.

On August 16, 2013, Petitioner filed a second post-conviction petition with the assistance of counsel, arguing that the statute of limitations for post-conviction petitions should be tolled in his case because he did not become aware of his asserted grounds for relief until the status of the grand jury foreman as a convicted felon became public knowledge in early 2013. He argued that the indictment was invalid because of the ineligible foreman, that he received ineffective assistance of counsel, and that his guilty plea was unknowingly and involuntarily entered. The State argued that the statute of limitations should not be tolled because the asserted grounds for relief did not arise after the limitations period would have normally begun to run. Additionally, the State contended that the defect in the indictment did not divest the trial court of jurisdiction and that Petitioner waived his challenge to the defect by not raising it prior to his plea.

On October 3, 2013, the post-conviction court held a brief hearing to determine whether it should toll the statute of limitations and grant Petitioner a hearing for post-conviction relief. On October 17, 2013, the post-conviction court issued an order dismissing the petition, finding that the trial court had jurisdiction over Petitioner's case when he entered his guilty plea and that he was not denied effective assistance of counsel. Petitioner filed a timely notice of appeal.

*Analysis*

Under the Post-Conviction Procedure Act, relief is available when a conviction "is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A petition for post-conviction relief must be filed within one year of the date on which the judgment became final if no direct appeal was taken. T.C.A. §40-30-102(a). Our legislature emphasized the fact that "[t]ime is of the essence of the right to file a petition for post-conviction relief," *id.*, and provided only three narrow exceptions to the statute of limitations: (1) a new constitutional right with retrospective application; (2) new scientific evidence establishing actual innocence; and (3) the invalidation of convictions underlying an enhanced sentence. T.C.A. § 40-30-102(b).

However, the right to due process may necessitate tolling the statute of limitations in certain circumstances outside of the enumerated statutory exceptions. *See Burford v. State*, 845 S.W.2d 204 (Tenn. 1992); *Seals v. State*, 23 S.W.3d 272 (Tenn. 2000). "[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for 'presentation of claims at a meaningful time and in a meaningful manner.' The test is 'whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined.'" *Seals*, 23 S.W.3d at 277-78 (quoting *Burford*, 845 S.W.2d at 207). "Whether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness." *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011) (quoting *Harris v. State*, 301 S.W.3d 141, 145 (Tenn. 2010)).

One type of situation in which our supreme court has held that due process requires tolling of the statute of limitations is "when the grounds for relief, whether legal or factual, arise. . . after the point at which the limitations period would normally have begun to run." *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995). To determine whether the statute of limitations should be tolled because of "later-arising" grounds for relief, the supreme court in *Sands* set out a three-step process:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Id.*

Under the first step of the *Sands* test, Petitioner's limitation period began to run thirty days after the entry of his guilty plea. *See State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) ("[A] judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence."). Therefore, without tolling, the statute of limitations in Petitioner's case expired in December of 2012. As to the second step of the *Sands* test, we must determine when the asserted grounds for relief – a defective indictment and ineffective assistance of counsel – actually arose. We will address each asserted ground in turn.

### *I. Defective Indictment*

Petitioner alleges that the indictment in his case is void on its face because the grand jury foreman was a convicted felon and thus ineligible to serve on the grand jury. *See* T.C.A. § 22-1-102(1); Tenn. R. Crim. P. 6(g)(2). However, this is not a cognizable ground for relief under post-conviction as it is a statutory violation rather than a constitutional violation. *See* T.C.A. § 40-30-103. While the constitution does guarantee an accused the right to be informed of the nature and cause of the accusation, it does not create a right to an indictment free from defect. *See State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (recognizing "that an indictment need not conform to traditionally strict pleading requirements"); *see also State v. Nixon*, 977 S.W.2d 119, 121 (Tenn. Crim. App. 1997) (holding that "defects in the indictment that go to matters of form rather than substance" can be waived if not objected to prior to trial). To satisfy the constitutional requirements, an indictment must "1) provide notice to the accused of the offense charged; 2) provide the court with an adequate ground upon which a proper judgment may be entered; and 3) provide the defendant with protection against double jeopardy." *State v. Lindsey*, 208 S.W.3d 432, 438 (Tenn. Crim. App. 2006) (quoting *Wyatt v. State*, 24 S.W.3d 319, 324 (Tenn. 2000)). Petitioner has not alleged that the indictment either failed to provide him with adequate notice of the offense charged or that it fails to protect him from double jeopardy. The issue is whether the indictment, signed by an ineligible grand jury foreman, was "so defective as to deprive the court of jurisdiction." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998).

This Court recently addressed the jurisdictional implications of a convicted felon serving as grand jury foreman in a case arising out of the same term of the Davidson County Grand Jury. *See State v. Leonel Lopez*, No. M2013-01264-CCA-R3-CD, 2014 WL 715447 (Tenn. Crim. App., at Nashville, Feb. 24, 2014). In that case, we held that "[t]he status of the grand jury foreman as a convicted felon does not relate to the power of the court to hear and decide a case"; therefore, the trial court did not lack subject matter jurisdiction. *Id.* at *8. We held that, under Tennessee Rule of Criminal Procedure 12(b)(2)(B), "'all objections or defects in the indictment[,] other that those [related to the subject matter jurisdiction of the court and failure to charge an offense,]' must be raised prior to trial or will result in

waiver." *Id*. (quoting *Nixon*, 977 S.W.2d at 121) (alterations in original).[1]

Because the eligibility of the grand jury foreman is not a jurisdictional element necessary for a constitutionally valid indictment, this is not a cognizable ground for relief under post-conviction, regardless of when it may have arisen. Therefore, this does not constitute a "later-arising" ground for relief for which the statute of limitations should be tolled under *Sands*. *See* 903 S.W.2d at 301. Additionally, Petitioner's guilty plea serves as a waiver all non-jurisdictional defects in the indictment. *See State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). Therefore, the post-conviction court properly dismissed Petitioner's petition on this ground.

*II. Ineffective Assistance of Counsel*

The second ground for relief raised by Petitioner is that he received ineffective assistance of counsel, and thus entered into an unknowing and involuntary guilty plea. Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. To support a claim for ineffective assistance of counsel, a post-conviction petition would have to contain sufficient factual assertions to satisfy the two-pronged test established by *Strickland v. Washington*, 466 U.S. 668 (1984). In other words, Petitioner "must show first that counsel's performance was deficient and second that the deficient performance prejudiced the defense." *Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). The test for deficient performance is "whether counsel's assistance was reasonable considering all the circumstances," *Strickland*, 466 U.S. at 688, and whether it was "within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975).

Petitioner alleges that he received ineffective assistance of counsel because his trial attorney failed to inform him that the grand jury foreman was a convicted felon and allowed him to plead guilty to a facially invalid indictment. We have already held that the indictment was not rendered void on its face because of the ineligibility of the grand jury foreman. Therefore, trial counsel's performance was not deficient in allowing Petitioner to enter a guilty plea on this indictment.

---

[1] Other jurisdictions addressing the issue of an ineligible grand jury member have held that a defendant is not entitled to relief absent a showing of prejudice. *See United States v. Hefner*, 842 F.2d 731, 733 (4th Cir. 1988); *People v. White*, 44 A.D.2d 749, 749 (N.Y.A.D. 1974); *Terry Mills v. Commonwealth*, 2004 WL 68543, at *1 (Ky. App. 2004); *accord. Nixon*, 977 S.W.2d at 121 ("Notwithstanding the applicability of the waiver provision, the court may grant relief from the waiver if the defendant has shown actual prejudice resulting from the defect in the indictment."). No showing of prejudice was made in this case.

The argument could be raised that failing to challenge the indictment in a timely manner under Tennessee Rule of Criminal Procedure 12(b)(2)(B) constitutes deficient performance. However, Petitioner asserted that "there [was] no reasonable way he could have known [that the grand jury foreman was a convicted felon] until the information was made public in early 2013," and the State admitted that the Davidson County District Attorney's Office did not become aware of the issue until January 2013. Therefore, it would not be reasonable to expect that Petitioner's trial counsel should have been aware of the defect prior to the time Petitioner entered his guilty plea in 2011. We find that the performance of Petitioner's trial counsel was not deficient under the *Strickland* standard, and thus we need not address the issue of prejudice. *See Hicks v. State*, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998) (defining prejudice in the context of a guilty plea to mean, "but for counsel's errors, [the defendant] would not have pleaded guilty but would have insisted upon going to trial" (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Moreover, even if we were to find that Petitioner has asserted a valid ground for relief with his ineffective assistance of counsel claim, there is the matter of whether this ground for relief is "later-arising" and should thereby toll the statute of limitations under the criteria set out in *Sands*. *See* 903 S.W.2d at 301. Theoretically, Petitioner's trial counsel could have investigated the background of the grand jury foreman and raised an objection prior to Petitioner entering his guilty plea, regardless of when the information about the foreman's background became public.[2] Therefore, this ground for relief existed during the statutory limitations period and is not "later-arising." The fact that Petitioner claims that he was not aware of the defect in the indictment – and, presumably, the ineffectiveness of counsel for failing to challenge it – until after the statute of limitations had expired is not sufficient to toll the statute of limitations. *See Brown v. State*, 928 S.W.2d 453, 457 (Tenn. Crim. App. 1996) (determining that "the petitioner's claimed lack of knowledge does not toll the statute for post-conviction purposes"). Therefore, even if we were to find that Petitioner's claim might have some merit, his claim would be time-barred and he would not be entitled to relief.

### *Conclusion*
For the foregoing reasons, we affirm the decision of the post-conviction court.

_____
JERRY L. SMITH, JUDGE

---

[2]The name of the grand jury foreman was published in the *Nashville Scene* pursuant to Tennessee Code Annotated section 40-12-105, and criminal convictions are public record.